**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4564**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

EIUNIKE TAMARA JONES,

                Defendant - Appellant.

**No. 08-4565**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CYNTHIA DENISE HUNTER,

                Defendant - Appellant.

Appeals from the United States District Court for the District
of South Carolina, at Greenville.  Henry M. Herlong, Jr.,
District Judge. (6:07-cr-01346-GRA-1; 6:07-cr-01346-GRA-2)

Submitted: November 13, 2008      Decided: January 15, 2009

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Benjamin T. Stepp, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina; David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellants. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Denise Hunter and Eiunike Tamara Jones pled guilty to bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006). They were sentenced to 26 months and 42 months' imprisonment, respectively. On appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which they state there are no meritorious issues for appeal, but question whether the district court complied with Fed. R. Crim. P. 11 in accepting Hunter's guilty plea and whether the sentence it imposed on Jones was reasonable. Hunter and Jones were informed of their right to file a pro se supplemental brief, but neither has done so. We affirm.

Because Hunter did not move in the district court to withdraw her guilty plea, her challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea colloquy leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Hunter's guilty plea and that any omissions did not affect her substantial rights. Critically, the district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116,

119-20 (4th Cir. 1991).  Further, Hunter does not suggest that she would have declined to plead guilty had the district court's Rule 11 colloquy been more exacting.  Accordingly, we discern no plain error.

Turning to Jones' sentence, Jones conceded at the sentencing hearing that the Guidelines range of 18 to 24 months' imprisonment for the bank fraud conviction was properly calculated and that she was subject to a statutorily mandated consecutive sentence of 24 months for each of the aggravated identity theft convictions.  The district court explicitly treated the Guidelines as advisory, and sentenced Jones after considering the Guidelines range, the 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2008) factors, counsel's arguments, and Jones' allocution.  Thus, we conclude that Jones' within-Guidelines sentence for the bank fraud conviction and statutorily required consecutive sentence for the identity theft convictions[*] are reasonable.  See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

---

[*] As authorized by 18 U.S.C. § 1028A(b)(4) (2006), the district court permitted the two 24-month sentences imposed upon Jones' identity theft convictions to run concurrently.

4

appeal.  Accordingly, we affirm the judgments of the district court.  This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED